# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEANTHONY T. WINSTON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>B.M. TRATE,<br><br>　　　　Respondent. | Case No. 1:24-cv-00182-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION AND DENY PETITIONER'S MOTIONS<br><br>(ECF Nos. 3, 4, 8, 10–12)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |

　　　Petitioner LeAnthony T. Winston is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. As this Court does not have jurisdiction to entertain the instant petition pursuant to the savings clause of 28 U.S.C. § 2255(e), the undersigned recommends dismissal of the petition.

**I.**

**BACKGROUND**

　　　On December 26, 2023, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States Court of Appeal for the Ninth Circuit. (ECF No. 1.) Petitioner subsequently filed two motions for temporary restraining orders. (ECF Nos. 3, 4.) The Ninth Circuit characterized the petition as "challenging his 2022 conviction in the United States District Court for the Eastern District of Virginia case number 2:20-cr-001008-AWA-DEM-1"

1

and transferred the petition to this Court without making a "determination as to whether the petition satisfies the requirements of the escape hatch." (ECF No. 5.)

Petitioner is currently incarcerated at the United States Penitentiary in Atwater, California. (ECF No. 1 at 1.[1]) In the instant federal petition for writ of habeas corpus, Petitioner requests the Court to vacate his conviction and order his immediate release based upon the following: (1) the trial court lacked subject-matter jurisdiction to prosecute the matter or enter a judgment; and (2) prosecutorial misconduct. (ECF No. 1 at 1.) On March 11, 2024, Petitioner filed a motion for supplementation. (ECF No. 8.) On March 18, 2024, Petitioner filed a motion for respondent to show cause. (ECF No. 10.) On March 26, 2024, Petitioner filed a motion to amend and a motion for respondent to show cause. (ECF Nos. 11, 12.)

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases[2] requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

**A. Motion for Supplementation (ECF No. 8)**

In the motion for supplementation, Petitioner asserts that the Ninth Circuit misinterpreted what was being challenged in the petition. (ECF No. 8 at 1.) Petitioner states that he is "challenging the legality of his detention through the challenge of the subject-matter jurisdiction of [the] trial court." (Id.) Petitioner contends that the Court should first consider "the Federal Question test for jurisdiction aided by the All Writs Act 28 U.S.C. § 1651(a)" and then consider 28 U.S.C. § 2255(e) if necessary. (ECF No. 8 at 3.)

///

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.
[2] The Court may apply any or all of these rules to habeas corpus petitions that are not brought under 28 U.S.C. § 2254. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

1    The All Writs Act provides that "all courts established by Act of Congress may issue all writs necessary or appropriate *in aid of their respective jurisdictions* and agreeable to the usages and principles of law." 28 U.S.C. § 1651 (emphasis added). "Thus, . . . the express terms of the Act confine the power of the [court] to issuing process 'in aid of' its existing statutory jurisdiction; the Act does not enlarge that jurisdiction[.]" Clinton v. Goldsmith, 526 U.S. 529, 534–35 (1999). "[T]he All Writs Act and the extraordinary relief the statute authorizes are not a source of subject-matter jurisdiction," and "[t]he authority to issue a writ under the All Writs Act is not a font of jurisdiction." United States v. Denedo, 556 U.S. 904, 913, 914 (2009). See Jackson v. Vasquez, 1 F.3d 885, 889 (9th Cir. 1993) ("The All Writs Act is not a grant of plenary power to the federal courts. Rather, it is designed to aid the courts in the exercise of their jurisdiction. An order is not authorized under the Act unless it is designed to preserve jurisdiction that the court has acquired from some other independent source in law." (quotation marks and citation omitted)). As set forth below, this Court does not have jurisdiction over Petitioner's habeas petition. Accordingly, the Court cannot provide relief to Petitioner pursuant to the All Writs Act. Thus, to the extent the motion for supplementation requests such relief, the undersigned recommends that the motion be denied.

**B. Jurisdiction Under 28 U.S.C. § 2241**

A federal court may not entertain an action over which it has no jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam). Thus, a district court must address the threshold question whether a petition was properly brought under § 2241 or § 2255 in order to determine whether the district court has jurisdiction. Hernandez, 204 F.3d at 865. A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by moving the court that imposed the sentence to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Alaimalo v. United States, 645 F.3d 1042, 1046 (9th Cir. 2011). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted).

3

1    Nevertheless, a "savings clause" or "escape hatch" exists in § 2255(e) by which a federal
2 prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255
3 to be "inadequate or ineffective to test the validity of his detention." Alaimalo, 645 F.3d at 1047
4 (internal quotation marks omitted) (quoting 28 U.S.C. § 2255); Harrison v. Ollison, 519 F.3d
5 952, 956 (9th Cir. 2008); Hernandez, 204 F.3d at 864–65. The Ninth Circuit has recognized that
6 it is a very narrow exception. See Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The
7 remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a
8 prior § 2255 motion was denied, or because a remedy under § 2255 is procedurally barred. Id.
9 The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v.
10 United States, 315 F.2d 76, 83 (9th Cir. 1963).

11    A petitioner may proceed under § 2241 pursuant to the savings clause when the petitioner
12 "(1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at
13 presenting that claim." Stephens, 464 F.3d at 898 (citing Ivy, 328 F.3d at 1060). With respect to
14 the first requirement, in the Ninth Circuit a claim of actual innocence for purposes of the § 2255
15 savings clause is tested by the standard articulated by the Supreme Court in Bousley v. United
16 States, 523 U.S. 614 (1998). Stephens, 464 F.3d at 898. In Bousley, the Supreme Court
17 explained that "[t]o establish actual innocence, petitioner must demonstrate that, in light of all
18 the evidence, it is more likely than not that no reasonable juror would have convicted him." 523
19 U.S. at 623 (internal quotation marks and citation omitted).

20    With respect to the second requirement, "it is not enough that the petitioner is presently
21 barred from raising his claim of innocence by motion under § 2255. He must never have had the
22 opportunity to raise it by motion." Ivy, 328 F.3d at 1060. To determine whether Petitioner never
23 had an unobstructed procedural shot to pursue his claim, the Court considers "(1) whether the
24 legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and
25 first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim
26 after that first § 2255 motion." Harrison, 519 F.3d at 960 (quoting Ivy, 328 F.3d at 1060–61).

27    Petitioner requests the Court to vacate his conviction because the trial court allegedly
28 lacked subject-matter jurisdiction. (ECF No. 1 at 1.) The Court finds that Petitioner cannot raise

such a claim in a § 2241 petition because he has failed to satisfy the requirements to proceed pursuant to the savings clause. This claim challenges the legal sufficiency of Petitioner's conviction[3] rather than "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (internal quotation marks and citation omitted). Additionally, Petitioner does not establish that he has not had an unobstructed procedural shot at presenting his claim. It does not appear that the "legal basis" for Petitioner's subject-matter jurisdiction claim raised in the instant petition "did not arise until after Petitioner exhausted his direct appeal and first § 2255 motion," and there is no indication that "the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." Harrison, 519 F.3d at 960 (quoting Ivy, 328 F.3d at 1060–61). Based on the foregoing, the undersigned recommends that the petition be dismissed and the motions for respondent to show cause be denied.

### C. Motions for Temporary Restraining Orders (ECF Nos. 3, 4)

"A preliminary injunction is an extraordinary remedy never awarded as of right."[4] Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party must appear to defend"). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Glossip v. Gross, 576 U.S. 863, 876 (2015) (internal quotation marks omitted) (quoting Winter, 555 U.S. at 20). "Under Winter, plaintiffs

---

[3] In an apparent attempt to circumvent the savings clause requirements, Petitioner argues that he is "challeng[ing] the legality of [his] detention, not [his] conviction so § 2255(e) is not appropriate examination here." (ECF No. 10 at 2.) However, the source of Petitioner's detention is his judgment of conviction. Therefore, Petitioner is in fact challenging his conviction.

[4] "The standard for a [temporary restraining order] is the same as for a preliminary injunction." Rovio Entm't Ltd. v. Royal Plush Toys, Inc., 907 F. Supp. 2d 1086, 1092 (N.D. Cal. 2012) (citing Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001)).

must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011). As set forth above, this Court does not have jurisdiction over Petitioner's claim pursuant to 28 U.S.C. §2241. Accordingly, the motions for temporary restraining orders should be denied.

### D. Motion to Amend (ECF No. 11)

In the motion to amend, Petitioner states that he is "seeking leave to file a Supplemental pleading," noting that his "case was denied for failure to state a claim." (ECF No. 11.) Petitioner also cites to Rule 60(b)(3), which provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . fraud . . ." Fed. R. Civ. P. 60(b)(3). Additionally, Petitioner has lodged a "Supplemental Complaint and Relief From Judgement" pursuant to "Biven and 42 U.S.C. § 1985(3), seek[ing] $38,000,000.00 in damages." (ECF No. 13 at 1.) Here, Petitioner's habeas petition has not yet been denied for failure to state a claim, and there is no final judgment such that Rule 60 is applicable. Additionally, the lodged supplemental complaint is a Bivens action seeking monetary damages. Based on the foregoing, it appears that Petitioner's motion to amend has been filed in the wrong case.[5] Therefore, the undersigned recommends that the motion to amend be denied.

## III.

## RECOMMENDATION & ORDER

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus be DISMISSED for lack of jurisdiction; and
2. Petitioner's various motions (ECF Nos. 3, 4, 8, 10–12) be DENIED.

Further, the Clerk of Court is DIRECTED to randomly assign a District Court Judge to the present matter.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local

---

[5] Petitioner previously filed two prisoner civil rights actions in this Court—Winston v. United States, No. 1:23-cv-01086-JLT-SAB, and Winston v. United States, No. 1:23-cv-01166-JLT-GSA. See United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases[.]").

6

Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **April 4, 2024**                                /s/ Erica P. Grosjean
                                                                   UNITED STATES MAGISTRATE JUDGE