**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LEANTHONY T. WINSTON,<br><br>        Petitioner,<br><br>   v.<br><br>B.M. TRATE,<br><br>        Respondent. | Case No. 1:24-cv-0182 JLT EPG (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DENYING PETITIONER'S MOTIONS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Docs. 3, 4, 8, 10, 11, 12, 15, 16, and 18) |

    LeAnthony T. Winston is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The magistrate judge found the Court lacks jurisdiction over the petition, through which Petitioner sought to invoke the savings clause of 28 U.S.C. § 2255(e). The magistrate judge recommended the petition be dismissed for lack of jurisdiction. In addition, the magistrate judge found Petitioner failed to show he was entitled to injunctive relief in this action, and recommended his requests be denied. (Doc. 15.)

    The Court served the Findings and Recommendations on Petitioner and notified him that any objections were due within 30 days. (Doc. 15 at 7.) The Court advised him that the "failure to file objections within the specified time may waive the right to appeal the District Court's order." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) Petitioner did not file objections, and the time to do so has passed.

However, after the Findings and Recommendations were issued, Petitioner filed two motions for leave to file supplemental pleadings. (Docs. 16, 18.) Rule 15 provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d); *see also* U.S. ex rel. Kinney v. Stoltz, 327 F.3d 671, 673 n.4 (8th Cir. 2003) (observing Rule 15(d) "gives the district court discretion to permit parties to serve supplemental pleadings," and a party "cannot supplement… as a matter of right"). Petitioner's filings contain additional arguments in support of his petition, rather than identify "any transaction, occurrence, or event that happened after the date of the" petition. Therefore, Petitioner's motions to supplement are denied. Moreover, the additional filings do not contain any information that supports a conclusion the Court has jurisdiction over the petition.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.

Having found Petitioner is not entitled to habeas relief, the Court must determine whether a certificate of appealability should issue. *See Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008) ("Where a petition purportedly brought under § 2241 is merely a 'disguised' § 2255 motion, the petitioner cannot appeal from the denial of that petition without a COA."). A petitioner has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), a petitioner "must make a substantial showing of the denial of a constitutional right, … includ[ing] showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

In the present case, the Court finds that reasonable jurists would not find the Court's determination that the petition should be dismissed debatable or wrong, or that Petitioner should

be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability.

      Accordingly, the Court **ORDERS**:

1. The findings and recommendations issued on April 5, 2024 (Doc. 15) are **ADOPTED** in full.
2. The petition for writ of habeas corpus is **DISMISSED** for lack of jurisdiction.
3. Petitioner's pending motions (Docs. 3, 4, 8, 10, 11, 12, 16, and 18) are **DENIED**.
4. The Clerk of Court is directed to close the case.
5. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **June 4, 2024**

UNITED STATES DISTRICT JUDGE