# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEANTHONY T. WINSTON, | Case No. 1:24-cv-0182 JLT EPG (HC) |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION, DISMISSING PETITION FOR WRIT OF CORAM NOBIS, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |
| v. | |
| B.M. TRATE, | |
| Respondent. | (Docs. 21, 22) |

LeAnthony T. Winston is a federal prisoner who proceeded *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court found it lacks jurisdiction over the petition— through which Petitioner sought to invoke the savings clause of 28 U.S.C. § 2255(e)— and dismissed the petition on June 5, 2024. (Doc. 19.)

On July 5, 2024, Petitioner filed a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure.[1] (Doc. 19.) On July 17, 2024, Petitioner filed a petition for writ of coram nobis. (Doc. 22.) For the reasons set forth below, Petitioner's request for relief from judgment is denied and the petition for writ of coram nobis is dismissed.

///

---

[1] Petitioner indicates that "the motion was entered into the institutional mailing system" on July 5, 2024. (Doc. 21 at 23.) Pursuant to the mailbox rule, a *pro se* prisoner's habeas petition or other pleading is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." *Hernandez v. Spearman*, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting *Houston v. Lack*, 487 U.S. 266, 276 (1988).

1

**I.      Relief under Rule 59(e)**

As an initial matter, a motion to alter or amend the judgment pursuant to Rule 59(e) is timely only if "filed no later than 28 days after entry of judgment." Fed. R. Civ. P. 59(e). The Court dismissed the petition and entered judgment on July 5, 2024. (Docs. 19, 20.) Thus, any motion under Rule 59(e) must have been filed no later than July 3, 2024. Because Petitioner did not submit this motion to the prison authorities until July 5, 2024 (Doc. 21 at 23), the motion was untimely under Rule 59(e).

**II.     Relief under Rule 60(b)**

The Court "construe[s] [Petitioner]'s motion as filed under Federal Rule of Civil Procedure 60(b) because it was not filed within the 28-day deadline imposed by Federal Rule of Civil Procedure 59(e)." *See Moore v. Mortg. Elec. Registration Sys., Inc.*, 650 F. App'x 406, 407 n.1 (9th Cir. 2016) (citing *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001) (a motion for reconsideration is treated as a motion under Federal Rule of Civil Procedure 59(e) if it is filed timely under that rule and as a motion under Federal Rule of Civil Procedure 60(b) otherwise)).

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding." *Id.* Rule 60(b) indicates such relief may be granted "for the following reasons:"

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). For a party to be entitled to relief under Rule 60(b)(6), they must show

2

"'extraordinary circumstances' justifying the reopening of a final judgment," and "[s]uch circumstances will rarely occur in the habeas context." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (citations omitted). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (citations omitted).

Petitioner does not present any new or different facts, circumstances, or evidence such that reconsideration of the prior order would be appropriate. Petitioner generally indicates his disagreement with the Court's order. (*See generally* Doc. 21.) Importantly, however, disagreement with the Court's orders—such as Petitioner expresses— is not sufficient to support the request for reconsideration. *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) ("A party seeking reconsideration must show more than a disagreement with the Court's decision"); *Pacific Stock, Inc. v. Pearson Educ.*, 927 F.Supp.2d 991, 1005 (D.Haw. 2013) ("Mere disagreement with a previous order is an insufficient basis for reconsideration.") (citation omitted).

Petitioner also repeats his arguments that the Court has jurisdiction over the action pursuant to the All Writs Act, 28 U.S.C. § 1651, and he should be permitted to proceed on his petition. (Doc. 21 at 1-3.) However, as the Court previously explained, "the All Writs Act and the extraordinary relief the statute authorizes are not a source of subject-matter jurisdiction," and "[t]he authority to issue a writ under the All Writs Act is not a font of jurisdiction." *United States v. Denedo*, 556 U.S. 904, 913, 914 (2009); *see also Jackson v. Vasquez*, 1 F.3d 885, 889 (9th Cir. 1993) ("The All Writs Act is not a grant of plenary power to the federal courts. Rather, it is designed to aid the courts in the exercise of their jurisdiction"). Importantly, Petitioner does not identify any mistake of law or fact in the Court's determination that he is unable to proceed under the Savings Clause of Section 2255. Consequently, Petitioner fails to identify any grounds for reconsideration of the Court's determination that this Court lacks jurisdiction over the petition, and he is not entitled to relief under Rule 60(b).

///

### III.     Petition for Writ of Coram Nobis

Petitioner also filed a petition for writ of coram nobis. (Doc. 22.) "Both the Supreme Court and [the Ninth Circuit] have long made clear that the writ of error coram nobis is a highly unusual remedy, available only to correct grave injustices in a narrow range of cases where no more conventional remedy is applicable." *United States v. Riedl*, 496 F.3d 1003, 1005 (9th Cir. 2007). Importantly, "[a] writ of error coram nobis attacking [a] conviction may *only* be brought in the sentencing court." *United States v. Monreal*, 301 F.3d 1127, 1131 (9th Cir. 2002) (emphasis added). Petitioner is attacking his conviction in the United States District Court for the Eastern District of Virginia. (*See* Doc. 5.) Accordingly, the petition for writ of coram nobis may only be brought in the Eastern District of Virginia, and this Court does not have jurisdiction.

### IV.     Certificate of Appealability

A certificate of appealability should only issue if "(1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion and (2) jurists of reason would find it debatable whether the underlying [petition] states a valid claim of the denial of a constitutional right." *United States v. Winkles*, 795 F.3d 1134 (9th Cir. 2015); *see also Snow v. Jusino*, 2023 WL 2733545, at *1 (9th Cir. Feb. 21, 2023) (citing to *Winkles* in denying a request for a certificate of appealability in an appeal from the denial of petitioner's post-judgment motions for reconsideration following the dismissal of a petition). In the present case, reasonable jurists would not find the determination that the Rule 60(b) motion should be denied debatable or wrong, or that the underlying petition states a valid claim of the denial of a constitutional right. Therefore, the Court declines to issue a certificate of appealability.

### V.     Conclusion and Order

Based upon the foregoing, the Court **ORDERS**:

1. Petitioner's motion for relief from judgment, construed as a motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure (Doc. 21) is **DENIED**.
2. The petition for writ of coram nobis (Doc. 22) is **DISMISSED**.

///

///

3. The Court **DECLINES** to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **August 20, 2024**

_____
UNITED STATES DISTRICT JUDGE