1
2
3
4
5
6
7

8                 **UNITED STATES DISTRICT COURT**

9                **EASTERN DISTRICT OF CALIFORNIA**

10

11 LEANTHONY T. WINSTON,            Case No. 1:24-cv-00182 JLT EPG (HC)

12          Petitioner,            ORDER DENYING PETITIONER'S MOTION TO ALTER OR AMEND

13      v.

14 B.M. TRATE,                    (Doc. 24)

15          Respondent.

16

17      LeAnthony T. Winston is a federal prisoner who proceeded *pro se* with a petition for writ

18 of habeas corpus pursuant to 28 U.S.C. § 2241. The Court found it lacks jurisdiction over the

19 petition— through which Petitioner sought to invoke the savings clause of 28 U.S.C. § 2255(e)—

20 and dismissed the petition on June 5, 2024. (Doc. 19.)

21      After the Court entered judgment, Petitioner moved to alter or amend the judgment

22 pursuant to Federal Rule of Civil Procedure 59(e). (Doc. 21.) Petitioner also filed a petition for

23 writ of coram nobis. (Doc. 22.) The Court denied the motion for relief from judgment and

24 dismissed the petition on August 21, 2024. (Doc. 23.) On October 11, 2024, Petitioner filed a

25 "Motion to Alter or Amend," requesting "this Court alter or amend its Aug. 21, 2024 order

26 denying and dismissing the writ of coram nobis[.]" (Doc. 24 at 1, emphasis omitted.)

27      Petitioner states his original motion was timely because he did not receive the notice of

28 entry of judgment until June 28, 2024. (Doc. 24 at 1.) Petitioner also contends the Court should

1    issue a certificate of appealability. (*Id.*) He contends "Ground 2" from *United States v. Winkles*,

2    795 F.3d 1134 (9th Cir. 2015)—that "jurists of reason would find it debatable whether the

3    underlying [petition] states a valid claim of the denial of a constitutional right"—is present in this

4    action. (*Id.*) Petitioner asserts, "the Court should not sanction me for not submitting evidence to

5    support my claim, in this phase of the proceedings. As I don't have access to copies, and local

6    rule 138(d) advises against filing original documents." (*Id.*) He maintains that he can "make the

7    prima facie showing" of violations of his rights under the Double Jeopardy Clause and the Equal

8    Protection Clause of the Fourteenth Amendment. (*Id.* at 2-3.)

9         To the extent Petitioner asserts the Court erred by finding his prior motion was untimely,

10   his assertion was contradicted by the record.  As the Court explained, a motion to alter or amend

11   the judgment pursuant to Rule 59(e) is timely only if "filed no later than 28 days after entry of

12   judgment." Fed. R. Civ. P. 59(e). The clock on Rule 59(e) motion begins running when the clerk

13   enters the judgment on the civil docket, not when the Clerk serves the judgment or when parties

14   receive notice of judgment. *See Derrington-Bey v. Dist. of Columbia Dep't of Corr*, 39 F.3d 1224,

15   1225 (D.C. Cir. 1994); *Shults v. Henderson*, 110 F.R.D. 102, 104-05 (W.D.N.Y. 1986).  The

16   filing deadline for a motion under Rule 59(e) is firm, and the court has no discretion to extend this

17   deadline. *Banister v. Davis,* 140 S. Ct. 1698, 1703 (2020) (finding there is "no possibility of an

18   extension" for a motion to be filed under Rule 59(e)); *see also Mount Graham Red Squirrel v.*

19   *Madigan*, 954 F.2d 1441, 1462 (9th Cir. 1992).  Thus, the Court did not err in finding the

20   deadline began to run when the judgment was docketed, or in construing Petitioner's motion for

21   reconsideration under Rule 60 because it was untimely under Rule 59.  *See Moore v. Mortg. Elec.*

22   *Registration Sys., Inc*., 650 F. App'x 406, 407 n.1 (9th Cir. 2016).

23        Further, the Court did not deny Petitioner habeas relief based on any failure to submit

24   evidence. The Court did not address the lack of evidence—or Petitioner's ability to demonstrate a

25   prima facie claim—in its analysis when dismissing the petition for lack of jurisdiction, denying

26   the prior request for reconsideration, or dismissing his petition for writ of corum nobis. (*See*

27   Docs. 15, 19, 23.) Rather, the issues addressed related to this Court's jurisdiction over the

28   petitions for writ of habeas corpus and writ of corum nobis.

1    Finally, Petitioner does not present any new or different facts, circumstances, or evidence

2 such that reconsideration of the prior order would be appropriate. Petitioner does not identify any

3 mistake of law or fact in the Court's determinations that he is unable to proceed under the Savings

4 Clause of Section 2255 and that this Court lacks jurisdiction over a petition for writ of coram

5 nobis. He also does not show any change in the controlling law. Thus, he also fails to show the

6 Court erred in declining to issue a certificate of appealability. *See* Fed. R. Civ. P. 60(b); *see also*

7 *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.,* 571 F.3d 873, 880 (9th Cir. 2009)

8 (indicating reconsideration should not be granted "unless the district court is presented with

9 newly discovered evidence, committed clear error, or if there is an intervening change in the

10 controlling law").

11    Based on the foregoing, the Court **ORDERS**: Petitioner's second motion to alter or amend

12 the judgment (Doc. 24), construed as a motion for reconsideration, is **DENIED**.

13

14 IT IS SO ORDERED.

15    Dated:   **October 29, 2024**

       *Jennifer L. Thurston*
       UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

3